IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Wenz,   Case No. 3:06CV2140

    Plaintiff

v.   ORDER

Columbia Gas Transmission Corp., et al.,

    Defendant

This is a suit over an easement. Plaintiff filed suit in the Lucas County [Ohio] Court of Common Pleas. His complaint asserted, *inter alia*, that the damages exceeded $25,000. In addition, he claimed to be entitled to punitive and treble damages.

In light of those contentions, defendant removed this case to this court. Now pending is plaintiff's motion for remand. [Doc. 25]. For the reasons that follow, the motion to remand shall be overruled.

The only question for decision is whether the amount in controversy exceeds $75,000. In light of the assertions in plaintiff's complaint about his damages exceeding $25,000 and his demand for punitive and treble damages, he has asserted that his suit is worth more than $75,000.

In support of his demand for remand, plaintiff states that defendants have offered only $4,000 to settle this dispute. He also claims that the price of soybeans [damage to which apparently provoked this suit] would have to skyrocket for recovery to approach $75,000. That is as likely, plaintiff states, as Ralph Nader becoming the next President of the United States.

Such guessing at outcomes and efforts to backtrack from the initial proclamation about damages in the complaint are not persuasive. Plainly and fairly read, the complaint states that this suit involves damages in excess of $25,000, and that plaintiff is entitled to punitive and treble damages. That adds up to more than $75,000. *See, e.g., Lemmon v. Cedar Point, Inc.*, 406 F.2d 94 (6th Cir. 1969) (plaintiffs' individual claims, including punitive damages, may be aggregated to satisfy the amount in controversy requirement).

If less really is at issue, plaintiff should have said so when he filed his original complaint. Or he should have eschewed demanding punitive and treble damages. But he cannot undo what's done, just as I cannot ignore it.

Federal jurisdiction is determined as of the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Even if plaintiff were to amend his complaint to state what he now views as a more realistic figure, that could not lead to remand. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1983) ("[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction").

I conclude, accordingly, that the amount in controversy exceeds the jurisdictional minimum, this court has jurisdiction and I must overrule the motion for remand.

It is, accordingly,

ORDERED THAT plaintiff's motion to remand be, and the same hereby is overruled.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge